The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 23 2025

John P. Gustafson
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 25-30792 |
| Damian Morgan | Chapter 13 |
| and | |
| Rae Morgan | |
| Debtors. | Judge John. P. Gustafson |

### ORDER DENYING MOTION TO EXTEND TIME TO FILE MOTION TO EXTEND AUTOMATIC STAY

This matter is before the court on Debtors Damian Morgan's and Rae Morgan's Motion to Extend Time to File Motion to Extend Automatic Stay ("Motion"). [Doc. #18]. In the Motion, Debtors argue that, despite having had a prior Chapter 13 case dismissed within the prior twelve months, excusable neglect warrants an extension of time to request an extension of the automatic stay in their current case under Fed. R. Bankr. P. 1007(c). [*Id.*, p. 2]. For the following reasons, Debtors' Motion will be denied.

On September 29, 2023, Debtors filed for Chapter 13 bankruptcy relief, Case No. 23-31763, and that case was dismissed without prejudice on January 22, 2025. [Case No. 23-31763, Doc. #108]. On April 17, 2025, Debtors filed the current Chapter 13 case.

The Debtors assert: "The following week, [the law firm] suddenly ceased bankruptcy operations at the location where [Debtors' counsel] was employed. Due to the suddenness with this change, significant time was required to complete the transition. This unfortunate series of events resulted in the delay of filing the required Motion to Extend the Automatic Stay." [Doc. #18, p. 1, ¶3].

The Motion to Extend Time to File Motion to Extend Automatic Stay was filed on June 16, 2025, 60 days after the filing of the Chapter 13 case. [Doc. #18]. Thus, under 11 U.S.C. Section 362(c)(3)(A), the automatic stay terminated by operation of law 30 days before the Motion was filed.

Section 362(c)(3) provides:

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –

> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

Thus, when a debtor files a second bankruptcy case within one year of having their first case dismissed, the Bankruptcy Code mandates that the automatic stay terminates on the 30th day after the filing of the later case. *See*, 11 U.S.C. §362(c)(3)(A).

However, the statute provides that the automatic stay can be extended. Section 362(c)(3)(B) allows parties in interest, including debtors, to request that the automatic stay be extended beyond the initial 30-day period:

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period . . .

Based on the plain statutory language of §362(c)(3)(B), one prerequisite to extending the automatic stay is that a hearing on the motion to extend the stay must be held *before* the stay terminates at the end of the 30-day period. *See*, *In re Epting*, 652 B.R. 134, 137 (Bankr. D.S.C.

2

25-30792-jpg    Doc 19    FILED 06/23/25    ENTERED 06/23/25 12:04:54    Page 2 of 6

2023)("Section 362(c)(3)(B) does not provide the Court with any authority to extend the stay after it is terminated under § 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay"); *In re Martinez,* 515 B.R. 383, 387 (Bankr. S.D. Fla. 2014)(noting statute's mandatory language requires hearing completion within 30 days); *Chekroun vs. Weil (In re Weil)*, 2013 WL 1798898 at *5, 2013 U.S. Dist. LEXIS 60500 **5-8 (D. Conn. Apr. 29, 2013)(stay could not be extended where hearing occurred months after 30-day window expired); *Capital One Auto Fin. v. Cowley*, 374 B.R. 601, 609 (W.D. Tex. 2006)(vacating order extending stay where hearing occurred after deadline); *In re Garrett*, 357 B.R. 128, 131 (Bankr. C.D. Ill. 2006)(stay cannot be reimposed under §362(c)(3)(B) if hearing is not held within 30 days); *In re Ajaka*, 370 B.R. 426, 429 (Bankr. M.D. Ga. 2007)(failure to secure hearing within 30 days precluded relief under §362(c)(3)); *In re Norman*, 346 B.R. 181, 183 (Bankr. N.D. W. Va. 2006)(statute requires hearing completed within 30 days even if motion is timely filed); *In re Tubman*, 364 B.R. 574, 580 (Bankr. D. Md. 2007)(statutory language is self-executing and mandates timely hearing); *In re Whitaker*, 341 B.R. 336, 343 (Bankr. S.D. Ga. 2006)(court lacks authority under §362(c)(3)(B) where hearing not timely).

In this case, Debtors filed the Motion 60 days after they filed their second case. Thus, Debtors' request for an extension of time to file an extension of the automatic stay is untimely because no hearing could be held prior to the termination of the stay. *See*, *In re Flynn*, 582 B.R. 25, 29 (1st Cir. BAP 2018)("The bankruptcy court has no discretion to grant a motion to continue the automatic stay where it has lapsed under [§362(c)(3)(A)] before the movant filed . . . ."); *In re McKeal*, 2014 WL 6390712 at *2, 2014 Bankr. LEXIS 4723 at *4 (Bankr. N.D. Ohio November 14, 2014)("If the debtor provides notice and hearing within the thirty day window, and also convinces the court 'that the filing of the later case is in good faith,' the automatic stay may be extended beyond the thirty day deadline."); *In re Williams*, 346 B.R. 361, 370 (Bankr. E.D. Pa. 2006)(debtor must ensure both filing and hearing occur within 30-day window).

Debtors cite to Federal Rule of Bankruptcy Procedure 1007(c)(7) as grounds for enlarging the time to file a motion to extend the automatic stay. [Doc. #18, p. 2, ¶4]. The purpose of Rule 1007(c) of the Federal Rules of Bankruptcy Procedure is to set deadlines for the filing of schedules, statements, and other documents required under Rule 1007, and to allow for extensions of these deadlines under certain circumstances. Rule 1007(c)(7), by its terms, is limited to extensions of time "to file a document under this rule."

Rule 1007(c) specifies the time frames within which schedules and statements must be filed in both voluntary and involuntary bankruptcy cases. Fed. R. Bankr. P. 1007(c). With the BAPCPA amendments, additional documents were required in Chapter 13 cases, such as: 1) pay advices (Rule 1007(b)(1)(E)); 2) credit counseling (Rule 1007(b)(3)); 3) current monthly income (Rule 1007(b)(6)); and 4) the personal financial management course (Rule 1007(b)(7)). *See generally*, Advisory Committee Note to the 2008 amendment to Rule 1007; and, 9 Collier on Bankruptcy ¶1007.03[4] (16th ed. 2025)("A common cause for an extension of time is the inability of counsel to collect the information necessary to complete the **schedules and statements** before the deadline for filing.") (emphasis added).

Nothing in Rule 1007 relates to the filing of a motion to extend the automatic stay pursuant to §362(c)(3)(B). Therefore, the provisions of Rule 1007(c)(7) do not apply to Debtors' Motion to extend the time to seek an extension of the automatic stay.

Moreover, based on the mandatory language of §362(c)(3)(B), that any order extending the stay be "after notice and a hearing completed before the expiration of the 30-day period", reliance on any of the Bankruptcy Rules to change that statutory timing requirement would be suspect. *See*, Rules Enabling Act, 28 U.S.C. §2075; *In re Smith*, 999 F.3d 452, 456 (6th Cir. 2021)(quoting, *United States v. Chavis (In re Chavis)*, 47 F.3d 818, 822 (6th Cir. 1995)("[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code."))[1]

While the automatic stay cannot be reimposed or extended, the Sixth Circuit Bankruptcy Appellate has held (in an unpublished decision) that a Chapter 13 Plan can be confirmed, even when the stay has terminated, and an extension of the automatic stay has not been requested. *See*, *In re Dyer*, 489 B.R. 637 (table), 2013 WL 987729, 2013 Bankr. LEXIS 3354 (6th Cir. BAP Mar. 14, 2013); *see also*, *In re Smith*, 596 B.R. 872, 879 (Bankr. E.D. Tenn. 2019)("The Court finds that a plan may be confirmed without a stay in effect as to the Debtor because an effective stay is not a requirement for confirmation listed under section 1325(a)."); *In re Tedesco*, 2020 WL 7133168 at *2, 2020 Bankr. LEXIS 3269 at **5-6 (Bankr. E.D. Ky. Nov. 20, 2020)(citing *Dyer*).

---

1/ Arguments based upon "excusable neglect under Rule 9006(b) also would be rejected on this basis, as well as the fact that Rule 9006(b) specifies which Bankruptcy Rules it applies to – and 11 U.S.C. Section 362(c)(3) is not a Bankruptcy Rule. *Cf.*, *In re Pruitt*, 668 B.R. 852-853 (Bankr. S.D. Ohio 2025)(denying an extension of time to impose the automatic stay under §362(c)(4)(B) based upon "excusable neglect" under Rule 9006(b)). Courts have also rejected attempts to "reimpose" the stay under §362(c)(4) as an "end run" around the time limitations of §362(c)(3). *See, e.g.*, *In re Clark*, 2019 WL 2488146 at *3, 2019 Bankr. LEXIS 1447 at *7 (Bankr. D. Miss. May 9, 2019).

4

Creditors should also note that there is a split of authority regarding the scope of the stay termination under §362(c)(3)(A). While this court has not decided the issue, the majority of courts interpret the provision to mean that the automatic stay terminates only with respect to the debtor and the debtor's property, while the automatic stay remains in effect as to property of the estate. *See, e.g.*, *In re Yarba*, 2023 WL 162691 at **2-5, 2023 Bankr. LEXIS 64 at **6-12 (Bankr. N.D. Ga. Jan. 11, 2023); *In re Madsen*, 639 B.R. 761, 765-767 (Bankr. E.D. Cal. 2022); *In re Ramsey*, 2021 WL 1499319 at *8, 2021 Bankr. LEXIS 418 at *18 (Bankr. D. Nev. Feb. 17, 2021); *In re Smith*, 596 B.R. 872, 878 (Bankr. E.D. Tenn. 2019); *In re Roach*, 555 B.R. 840, 842-48 (Bankr. M.D. Ala. 2016); *In re Hale*, 535 B.R. 520, 527-28 (Bankr. E.D.N.Y. 2015); *In re Wilson-Fields*, 2015 WL 1294137 at **3, 2015 Bankr. LEXIS 967 at **6-7 (Bankr. W.D. Mich. Mar. 21, 2015)(citing cases); *Abernathy, LLC v. Smith*, 2014 WL 4925654 at *4, 2014 U.S. Dist. LEXIS 137918 at *10 (N.D. Ga. Sept. 30, 2014); *Chekroun vs. Weil (In re Weil)*, 2013 WL 1798898 at *4, 2013 U.S. Dist. LEXIS 60500 at *14 (D. Conn. Apr. 29, 2013); *In re Scott-Hood*, 473 B.R. 133 (Bankr. W.D. Tex. 2012); *U.S. Bank N.A. v. Mortimore (In re Mortimore)*, 2011 WL 6717680, 2011 U.S. Dist. LEXIS 146423 (D.N.J. Dec. 21, 2011); *In re Dowden*, 429 B.R. 894, 902–03 (Bankr. S.D. Ohio 2010); *In re Rinard*, 451 B.R. 12, 19-20 (Bankr. C.D. Cal. 2011); *In re Robinson*, 427 B.R. 412, 413–14 (Bankr. W.D. Mich. 2010); *In re Paul*, 2010 WL 3811955 at *2–3, 2010 Bankr. LEXIS 3324 at *5–7 (Bankr. N.D. Tex. Sept. 17, 2010)(noting split of authority and listing cases); *In re Holcomb*, 380 B.R. 813, 816 (10th Cir. BAP 2008); *In re Stanford*, 373 B.R. 890, 893-95 (Bankr. E.D. Ark. 2007); *In re Murray*, 350 B.R. 408, 414 (Bankr. S.D. Ohio 2006); *In re Johnson*, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006); *In re Harris*, 342 B.R. 274, 278-280 (Bankr. N.D. Ohio 2006); *In re Moon*, 339 B.R. 668, 673 (Bankr. N.D. Ohio 2006). Other courts have held that the termination applies more broadly, ending the automatic stay in its entirety, including as to property of the estate. *See, e.g., Smith v. Maine Bureau of Revenue Servs. (In re Smith)*, 910 F.3d 576 (1st Cir. 2018). While the court is not deciding the issue here, it does note that many of the decisions in support of the minority position do not discuss the termination of the stay under §362(c)(3)(A) in the context of Chapter 7 cases.[2] *See*, *In re Thu Thi Dao*, 616 B.R. 103, 104 (Bankr. E.D. Cal. 2020)("Bankruptcy Code provisions that apply in chapters 7, 11, and 13, should be interpreted to avoid dysfunction in all applicable chapters. That precept has

---

2/ By its terms, 11 U.S.C. §362(c)(3) applies to "a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13".

5

been neglected in chapter 13 decisions holding that the 11 U.S.C. §362(c)(3) 30-day automatic stay termination "with respect to the debtor" who files serial cases also, by inference, extends to "property of the estate.").

Accordingly, for all of the reasons set forth above, Debtors' Motion will be denied.

**IT IS THEREFORE ORDERED** that Debtors' *Motion to Extend Time to File Motion to Extend Automatic Stay* [Doc. #18] be, and hereby is, **DENIED**.